MERRITT & CHAPMAN DERRICK & WRECKING CO. v. GREENE et al.

(Circuit Court, D. Connecticut. April 5, 1904.)

No. 527.

1. CONTRACT—SERVICES RENDERED ON REQUEST—RECOVERY ON QUANTUM MERUIT.

A complaint alleging that plaintiff, at defendant's request, furnished a steamer, men, and the necessary equipment, and pulled a schooner off the ways, where she had stuck, and which seeks to recover therefor on a quantum meruit, does not state a case authorizing a recovery thereunder for "materials used up on the job"; there being no allegation that it was necessary to use them up, in a proper performance of the work, or that their being so used up was contemplated by the parties when the contract was made.

On Motion to Expunge an Item in Plaintiff's Bill of Particulars, and Motion for More Specific Statement of Such Item.

James D. Dewell, Jr., for plaintiff.

Canfield & Judson, for defendants.

PLATT, District Judge. It is asumed that the item in the bill of particulars claiming for "materials used up on job, $887.80," relates to the demand set forth in the second count of the original complaint. A demurrer to that second count was filed May 6, 1903. A motion for more specific statement of matters set forth in certain paragraphs, of what was then the first count, was filed May 7, 1903. On June 8, 1903, at New Haven, the demurrer and motion were taken up together, and argued orally. After listening to the arguments, I was impressed with the force of the demurrer, and so stated frankly in open court. In an unfortunate moment, trusting that a path was plainly open, which, if followed, would lead to a harmonizing of the contentions and dissensions of counsel, I suggested that the plaintiff ought to strike out the second count, and also file a statement which, by its specific character, might inform the defendants of the claims which they were called upon to meet under the latter portion of the then first count. On July 10, 1903, an amended complaint was filed, which strikes out the original second count, and substitutes a new second count, which takes the place of the paragraphs of the original first count, where a quantum meruit was relied upon. As to the other feature of my suggestion, the plaintiff filed on the same day a paper which is entitled "Bill of Particulars," and contains an account with the schooner and with defendants. Among the items therein appears the one referred to at the outset, which the defendants, by their motions of September 26, 1903, ask to expunge and make more specific. It is obvious that both motions cannot be granted in the same breath. The matter has become somewhat confused by the peculiar state of the pleadings, growing out of an attempt on my part to promote, temporarily, at least, peace and good will among counselors and their clients. Having managed to make confusion worse confounded, it is full time to give the case a practical, common-sense treatment. The original arguments, coupled with the briefs forwarded at my request, and now before me, make it possible, it is hoped, to settle now what it would have been better that I should have settled when the demurrer was under consideration.

The gist of the second count, as it now stands, is this: On July 27, 1902, while the schooner Perry Setzer, upon which a fruitless pull had been made for $500, as set forth in the present first count, was still stuck on the ways, the defendants requested the plaintiff to fit up and get ready for use necessary appliances, materials, and men, and make further efforts to move the schooner. On July 28, 1902, plaintiff complied with the request, and succeeded in pulling the schooner into the water. The extra work of steamer and men, and the expense of preparing and furnishing the appliances and materials necessary for the work, were reasonably worth $2,132.80, over and above the $500 due on contract, as set forth in the first count. Plaintiff has requested payment thereof, which was refused. Such statement of a cause of action manifestly cannot entitle the plaintiff

to recover for "materials used up on the job." It is confined specifically to the extra work of boat and men, and the expense of preparing and furnishing necessary appliances and materials. There is no suggestion of an implied promise to pay for materials destroyed or rendered worthless. The theoretical situation suggested by counsel for plaintiff is not analogous. He supposes a case in which a farmer employs a man to remove stumps from his land, with no specific bargain as to price. The man blows up a stump, and charges $10 therefor. When called upon to be specific, he says, labor, so much; use of drill, so much; so many pounds of powder used up, so much. If it is conceded, as it must be, that when the bargain was made it was understood by both parties that the proper and reasonable way to remove a certain stump would be to blow it up, there would be some force in the reasoning. I have assumed that the contention here relates to the breaking of a cable by reason of the unusual strain to which it was subjected. Can it be claimed that it was contemplated by the parties when the bargain was made that to use a cable in such a manner as to produce such a result would be a reasonable and proper way to attempt to pull the schooner off the stocks? If not, there can be no implied promise to pay its value if it was "used up on the job." Look for a moment at another situation. Suppose that the same farmer employs a man to furnish horses and plow, and turn up the furrows in his field, with no specific bargain as to price. The man does the work, and, while doing it, breaks his plowshare on a well-embedded stone. He charges the farmer $20 on quantum meruit. When asked to be specific, he says, his own labor, so much; labor and use of horses, so much; plowshare broken, so much. It would seem that the last item in this theoretical case ought to be expunged on motion, and that would be so, no matter whether entered as "plowshare broken," or as "material used up on job."

The plaintiff contends that on the trial he ought to be permitted to present the facts attending the employment to the jury, so that it can estimate intelligently what the services were reasonably worth. If, on the trial, he shall offer evidence to prove that the appliances were proper, and that the necessary strain in pulling was so great as to cause the parting of a sound cable—such a cable as a reasonably prudent man would put to such a strain in such a case—the bridge which he pictures will be reached, and it will then be time to settle whether we shall cross it. Before that moment, it will be well to remember that two pulls had been taken without success under the $500 contract, and to consider whether such knowledge would not furnish the jury all the light it would require in reaching a conclusion as to the state of the minds of the parties when bargaining for the work, and the kind of work they bargained for.

Let the item, "Materials used up on job, $887.80," be stricken out.